# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 11-674V
### (Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| KYLE H. GOELLING, | \* | Filed: September 1, 2015 |
| | \* | |
| Petitioner, | \* | |
| | \* | |
| | \* | Decision by Stipulation; |
| v. | \* | Attorney's Fees and Costs |
| | \* | |
| SECRETARY OF HEALTH AND | \* | |
| HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Franklin John Caldwell, Jr.*, Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioner.

*Ryan Pyles*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

On October 13, 2011, Kyle H. Goelling filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] ECF No. 1. Thereafter, on February 12, 2015, the parties filed a stipulation settling the case and detailing the amount to be awarded to Petitioner. ECF No. 39. I subsequently issued a decision finding the parties' stipulation to be reasonable and granting Petitioner an award as outlined in the stipulation. ECF No. 40.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)).

On September 1, 2015, the parties filed another stipulation, this time regarding attorney's fees and costs. ECF No. 45. Petitioner requests reimbursement of attorney's fees and costs in the amount of $34,071.00. *Id.* This amount represents a sum to which Respondent does not object. *Id.* In addition, and in compliance with General Order No. 9, Petitioner's counsel represents that Petitioner did not personally incur any expenses in litigating this case. *Id.*; *see also* ECF No. 46 (Pet'r's Declaration).

I approve the requested amount for attorney's fees and costs as reasonable. Accordingly, an award of $34,071.00 shall be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, F. John Caldwell, Jr., Esq. Payment of this amounts represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.